IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KURT A. HELTON,**         CASE NO. 2:06-cv-558
                            JUDGE GRAHAM
            Petitioner,     MAGISTRATE JUDGE KEMP

v.

**ROB JEFFREYS, Warden,**

            **Respondent.**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's response and supplemental response,  and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claim that his sentence violated Ohio law and the Double Jeopardy Clause be **DISMISSED.**

It is further recommended that petitioner's September 7, 2006, motion for summary judgment, Doc. No. 7, based upon respondent's alleged failure to timely file the Return of Writ be **DENIED**.  The show cause order was issued on July 11, 2006.  On July 19, 2006, the Court granted respondent's July 18, 2006, request for extension of time until October 2, 2006, to file the return of writ.  Doc. Nos. 3, 4.  Respondent timely filed the Return of Writ on September 27, 2006.  Doc. No. 8.

Petitioner's requests to amend the petition to include the additional claims that his sentence violated *Blakely v. Washington,* 542 U.S. 296 (2004)*, see* Doc. No. 10; the ineffective assistance of trial and appellate counsel, Doc. No. 11; and that his guilty plea was coerced, Doc. No. 13; are **GRANTED**.  Respondent is **DIRECTED** to file a response to the foregoing claims within twenty

(20) days of the date of this order.

## I.  REQUESTS TO AMEND THE PETITION WITH NEW CLAIMS

On January 30, 2007, petitioner filed an "Addendum," in which he appears to assert that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).  Doc. No. 10.  On February 22, 2007, petitioner filed a "Motion to Withdraw Plea," in which he additionally asserts that he was denied the ineffective assistance of trial and appellate counsel.  Doc. No. 11.  On March 20, 2007, petitioner filed "Additional Information" in support of his motion to withdraw his guilty plea, in which he alleges that his guilty plea was coerced as a result of the lies and improper conduct by Detective Stout.  Doc. No. 13.  This Court is without the authority to permit petitioner to withdraw his guilty plea, but it may consider certain constitutional claims that might have tainted guilty plea proceedings.  However, none of the foregoing claims were previously raised by petitioner.  The Court therefore construes the foregoing filings as requests by petitioner to amend his petition to include these additional claims as grounds for habeas corpus relief.  Because none of petitioner's requests to amend the petition to include new claims appear to be barred by the one-year statute of limitations under 28 U.S.C. §2244(d),[1] *see Mayle v. Felix*, 545 U.S. 644 (2005), petitioner's requests to amend the petition with new claims, Doc. Nos. 10, 11, and 13, hereby are **GRANTED.**

## I.  FACTS and PROCEDURAL HISTORY

The Ohio Third District Court of Appeals summarized the factual findings and procedural

---

[1] Petitioner's conviction became final on April 25, 2006, ninety days after the Ohio Supreme Court's January 25, 2006, dismissal of his appeal, when the time period expired to file a petition for a writ of certiorari with the United States Supreme Court. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2001).  The statute of limitations expires one year later, on April 25, 2007.  His motions to amend the petition with new claims were filed on January 30, February 22, and March 20, 2007, all of which dates are within the applicable limitations period.

history of this case as follows:

> On October 4, 2004, Helton entered into Lakeview Hardware and stole, among other items, a number of rifles and other firearms. The Logan County Grand Jury returned an indictment against Helton on November 9, 2004. This indictment contained 81 counts of grand theft of a firearm (one for each firearm stolen), seven counts of breaking and entering, two counts of grand theft of a motor vehicle, one count of safecracking, three counts of unlawful sexual conduct with a minor and one count of engaging in a pattern of corrupt activity. Pursuant to a written plea agreement, on February 7, 2005, Helton pled guilty to two counts of grand theft of a firearm (felonies of the third degree) and two counts of breaking and entering (felonies of the fifth degree). [FN1] The remaining 91 counts of the indictment were dismissed by the State. On March 18, 2005, a sentencing hearing was held. The trial court sentenced Helton to four years in prison on each of the grand theft of a firearm convictions and one year in prison on each of the breaking and entering convictions. The trial court then ordered that the sentences be served consecutively for a total prison term of 10 years.
>
> FN1:  The written plea agreement also states that Helton agreed to serve a total sentence of 10 years as part of the agreement.

Exhibit 11 to Return of Writ.  Represented by new counsel, petitioner filed a timely appeal and raised the following sole assignment of error:

> The trial court abused its discretion and committed plain error when it sentenced [Helton] to consecutive prison terms for two separate thefts, as the thefts constituted a single act with a singular intent and should have been merged under R.C. 2941.25(A).

*Id.* On August 15, 2005, the appellate court affirmed the judgment of the trial court. *Id.* Proceeding *pro se*, petitioner filed a timely appeal to the Ohio Supreme Court, in which he raised the following proposition of law:

> The trial court abused its discretion and committed plain error when it sentenced appellant to two consecutive prison terms for two thefts from a single act of conduct with the same animus, an allied offense analysis was required by law.  R.C. 2941.25(A).

3

Exhibit 12 to Return of Writ; *see also* Exhibit 13 to Return of Writ.  Through counsel, petitioner filed a memorandum in support of jurisdiction asserting the following proposition of law:

> The trial court abused its discretion and committed plain error when it sentenced petitioner to consecutive prison terms for two separate thefts, as the thefts constituted a single act with a singular intent and should have been merged under R.C. 2941.25(A).

Exhibit 14 to Return of Writ.  On January 25, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Exhibit 15 to Return of Writ.

On July 5, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> 1.  Whether petitioner enters a plea of guilty, or is found guilty by trial, he has not waived his Fifth Amendment right to be free from double jeopardy at sentencing to cumulative punishment.

It is the position of the respondent that petitioner failed fairly to present this claim to the state courts as a federal constitutional issue and that the claim is therefore precluded from federal habeas corpus review.  The Court has granted petitioner's request to amend the petition to include the following additional claims:

> 2.  Petitioner's sentence violated *Blakely v. Washington, supra*.
>
> 3.  Denial of the effective assistance of trial and appellate counsel.
>
> 4.  Guilty plea was coerced.

The respondent has not yet addressed the foregoing claims.

## II. FAIR PRESENTMENT

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v.Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir. 1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983)(citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir. 1993)(citing *Franklin v. Rose*, 811 F.2s 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).

Petitioner raised claim one in the Ohio Court of Appeals solely as a violation of Ohio law which prohibits convictions on allied offenses of similar import. *See* Exhibit 9 to Return of Writ. He did not specifically allege that his convictions or sentence violated the Double Jeopardy Clause,

5

nor did he refer to any federal cases in support of his claim.  The Ohio Court of Appeals likewise reviewed the claim for a violation of state law only:

> Helton's sole assignment of error is that the trial court erred by sentencing him separately for allied offenses. Helton was convicted of the charges after he entered a guilty plea to the charges. Entering a guilty plea waives all errors which may have occurred unless such errors prevented the defendant from entering a knowing and voluntary plea. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. To prevail on this assignment of error, Helton's claim must be that had he known the offenses were allied offenses of similar import, he would not have entered a guilty plea to them. No such claim has been made. Instead, Helton merely asks this court to modify the sentence by merging the offenses. Helton does not ask that his guilty plea be withdrawn.
>
> Helton's sole claim is that the grand theft of firearm charges are allied offenses because they occurred during the same robbery. Offenses are allied if the elements correspond to such a degree that the commission of one offense results in the commission of the other. *State v. Rance,* 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. "[I]f a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B)." *State v. Jones* (1997), 78 Ohio St.3d 12, 13-14, 676 N.E.2d 80. "Accordingly, a court need only engage in the allied-offense analysis when the same conduct, or single act, results in multiple convictions." *State v. Cooper,* 104 Ohio St.3d 293, 2004-Ohio-6553, ¶ 17, 819 N.E.2d 657.
>
> Here, the State filed separate counts in the indictment for each firearm stolen. Counts one and two of the indictment are for the theft of separate firearms. Although the firearms may have been stolen from the same location during the same theft, they are two separate firearms. The theft of each one is an individual offense, thus the theft charges are for separate acts. Since the thefts are for separate acts, no allied offense analysis is required. The assignment of error is overruled.

Exhibit 11 to Return of Writ.  However, in his appeal to the Ohio Supreme Court, petitioner explicitly raised the issue as one of federal constitutional magnitude.  He argued that his convictions

and sentence violated the Double Jeopardy Clause and *Blockburger v. United States*, 284 U.S. 299 (1932), as well as Ohio's statute on allied offenses of similar import. *See* Exhibit B to Petition; Exhibit 14 to Return of Writ.

Respondent correctly notes that the Ohio State Supreme Court ordinarily will not consider a claim of error that was neither raised nor considered in the appellate court below. *State v. Taylor*, 78 Ohio St.3d 15, 23, 676 N.E.2d 82 (1997), citing *State v. Williams,* 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977); *see also Eskridge v. Konteh*, 88 Fed.Appx. 831, 837-38 unpublished, 2004 WL 232150 (6 Cir. February 3, 2004). That said, as noted in *Palmer v. Haviland*, 2006 WL 1308219 (S.D. Ohio May 11, 2006), Ohio's statute on allied offenses, O.R.C. §2941.25, as defined by the Ohio Supreme Court in *State v. Rance*, 85 Ohio St.3d 632 (1999), is based on concerns arising from the Double Jeopardy Clause.

> *Rance* involved the branch of the Double Jeopardy Clause that protects against multiple punishments for the same offense in relation to Ohio's "allied offenses" statute, Ohio Rev.Code §2941.25. The defendant in *Rance* argued that the imposition of cumulative punishments in a single trial for two separate offenses that the defendant claimed constituted the same offense violated the Double Jeopardy Clause. The Supreme Court of Ohio addressed the specific issue of whether "R.C. 2941.25(A) and the constitutional protections against double jeopardy prohibit trial courts from imposing separate sentences for both involuntary manslaughter and aggravated robbery." 85 Ohio St.3d at 634, 710 N.E.2d at 702. The Ohio Supreme Court recognized that "the double jeopardy protections afforded by the federal and state Constitutions guard citizens against ... cumulative punishments for the 'same offense.' " *Rance,* 85 Ohio St.3d at 634, 710 N.E.2d at 702. The Ohio Supreme Court noted that "the Fifth Amendment's Double Jeopardy Clause (made applicable to the states by the Fourteenth Amendment) and Ohio's counterpart are sufficiently similar to warrant consultation of federal jurisprudence when analyzing Ohio's proscription against placing persons 'twice ... in jeopardy for the same offense.' " *Id.* The *Rance* Court went on to analyze United States Supreme Court precedent on double jeopardy, including the decision in *Blockburger v. United*

7

>*States,* 284 U.S. 299 (1932), relied on by petitioner in the instant case. 85 Ohio St.3d 632, 635, 710 N.E.2d 699, 702 citing *Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Missouri v. Hunter,* 459 U.S. 359, 366 (1983); *Albernaz v. United States,* 450 U.S. 333, 344 (1981). The Ohio Supreme Court in *Rance* ultimately determined that the Ohio legislature could prescribe imposition of cumulative punishments for crimes stemming from the same criminal act "without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution." 85 Ohio St.3d 632, 635, 710 N.E.2d 699, 702 citing *Albernaz,* 450 U.S. at 344.

*Id.* (Footnote omitted).  Thus, this Court concludes, as did the District Court in *Palmer v. Haviland*, *supra,* that petitioner may have fairly presented his Double Jeopardy claim to the state courts. Nonetheless, the record reflects that claim one is without merit.

The factual findings of the state court are presumed to be correct: 28 U.S.C. § 2254(e) provides:

>(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

8

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).  However, because the Ohio Court of Appeals did not explicitly address petitioner's Double Jeopardy claim, the Court must consider the applicable standard of review.  Under these circumstances,

> [t]here are three options: the deferential standard provided under § 2254(d); the *de novo* standard, and the "intermediate approach." See *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir.2003) *(de novo); Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir.2000), *cert. denied ,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001) (discussing alternate standards); *McKenzie v. Smith,* 326 F.3d 721, 726-27 (6th Cir.2003), *cert. denied,* 540 U.S. 1158, 124 S.Ct. 1145, 157 L.Ed.2d 1057 (2004) (same); *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir.2005) (same). The gist of circuit precedent is that when there is a decision, deference is accorded under § 2254(d) to the state court decision under the "intermediate approach." *Moldonado v. Wilson,* 416 F.3d 470, 476 (6th Cir.2005); *Howard,* 405 F.3d at 467. When there is no decision or "no results," federal review is *de novo. See Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at 2542 (*de novo* when there was no state court decision on second prong of *Strickland* test). When the state court has failed to articulate a decision or provide a rationale, the district court must distinguish between a situation of "no results" from that of "no reasoning". *Howard v. Bouchard,* 405 F.3d at 467; *McKenzie,* 326 F.3d at 727. ... [T]he "no reasoning" situation occurs when the state court has issued a summary order, which fails to explain its reasoning, as opposed to the situation where no state court has "directly addressed the specific issue." In the latter situation there are "no results" for the federal court to defer, and *de novo* review by the federal court is required. *See Wiggins v. Smith,* 539 U.S. at 534, 123 S.Ct. at 2542; *McKenzie,* 326 F.3d at 327.

*Socha v. Wilson*, – F.Supp.2d –, 2007 WL 530147 (N.D. Ohio February 21, 2007).  Thus, it appears

that the "intermediate approach" is required here. *Id.* Regardless, however, of the standard of review that is applied, the Court concludes that petitioner's claim is without merit.

To the extent that petitioner asserts that his convictions and sentence violate state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6 Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6 Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure" ' in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11 Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6 Cir.1988). Such are not the circumstances here.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The traditional test for double jeopardy claims is the "same elements" test set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)(requiring the court to determine whether each charged offense "requires proof of

an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under separate statutes. Under *Blockburger,* the critical question is whether the multiple charges in reality constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.[2]

In addition, a defendant cannot be prosecuted for a greater offense after conviction or acquittal of the lesser included offense. *Brown v. Ohio, supra.* In *Brown,* the defendant was convicted on his guilty plea to the offense of joyriding and was subsequently convicted of the offense of auto theft. Both convictions were based on the same events. Under Ohio law, joyriding is a lesser included offense of auto theft. The Supreme Court, noting that conviction on a charge of joyriding required no proof not required for conviction on a charge of auto theft, held that the subsequent prosecution of the greater charge was precluded by double jeopardy principles. 432 U.S. at 168-69. The Supreme Court emphasized that the prohibition of successive prosecutions serves a policy of finality, protecting a defendant from a government's attempts to re-litigate facts or secure

---

[2] In *Grady v. Corbin,* 499 U.S. 508, 519 (1990), which was decided after *Blockburger*, the United States Supreme Court held that the Double Jeopardy Clause also barred prosecution of multiple offenses where

> the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

However, the Supreme Court overruled the "same conduct" rule of *Grady,* concluding that *Grady* was inconsistent with Supreme Court precedent and the common law understanding of double jeopardy. *United States v. Dixon,* 509 U.S. 688, 704 (1993).

additional penalties. *Id.,* at 165-66.

Petitioner argues that his convictions and consecutive sentences on two counts of theft of firearms violate the Double Jeopardy Clause because he stole both firearms on the same date, and during the same burglary of the Lakeview Hardware Store in Logan County, Ohio. *See Petition; Memorandum in Support.* Petitioner has attached an affidavit from co-defendant Jeremiah Helton in support of this claim, in which Jeremiah Helton indicates that the firearms were stolen on October 4, 2004

> from inside we took them all at one time, no two trips were made in taking said firearms. The reason we took said firearms was to sale [sic] for money, no other reason.

*Affidavit of Jeremiah Helton,* attached to *Memorandum in Support*. Petitioner also refers to a portion of his sentencing transcript, *see Exhibit A to Memorandum in Support*, wherein his attorney asked the trial court to consider sentencing petitioner concurrently "because it was a single criminal act removing the weapons at one time." *Id*.

> Ordinarily, a plea of guilt conclusively admits the defendant's guilt to the crimes charged, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether it was voluntarily and knowingly given. *United States v. Broce,* 488 U.S. 563, 569 (1989). In the double jeopardy context, an exception to this rule exists when it is plain from the language of the charging document that no legally cognizable additional crime was charged to which the defendant could properly have entered a plea of guilt. *Id.* at 576. In all other respects, any right to assert a claim of double jeopardy is waived by the entry of the guilty plea. *Ibid.*
>
> In *Broce,* the defendant entered guilty pleas to two separate indictments alleging conspiracies under the Sherman Act, 15 U.S.C. § 1, and later moved to vacate his sentences on the basis that there was in reality only a single conspiracy, and therefore his right under the Double Jeopardy Clause was violated. The Supreme Court

12

>focused on the charging documents to determine if the defendant's double jeopardy challenge survived his guilty plea. The Court noted: "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts *with facial allegations of distinct offenses* concede that he has committed two separate crimes." *Broce,* 488 U.S. at 570. The defendant's claim was premised on the contention that the two indictments alleged separate parts of the same illegal agreement. However, "[r]espondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement." *Id.* at 571.

*Tarpley v. Bock,* unpublished, 2003 WL 22258199 (E.D. Michigan September 25, 2003); *see also Emrick v. Wolfe*, unpublished, 2006 WL 3500005 (S.D. Ohio December 5, 2006)(same).

Such are the circumstances here. Petitioner pleaded guilty to two facially distinct offenses of theft. Additionally, pursuant to the terms of his plea agreement, petitioner stated that he understood that consecutive sentences might be imposed. *See Exhibits to Petition.* Petitioner's claim that his convictions violate the Double Jeopardy Clause therefore is without merit in view of his guilty plea.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that claim one be **DISMISSED.**

Petitioner's requests to amend the petition to include additional claims that his sentence violated *Blakely v. Washington, supra,* 542 U.S. at 296*, see* Doc. No. 10, the ineffective assistance of trial and appellate counsel, Doc. No. 11, and that his guilty plea was coerced, Doc. No. 13, are **GRANTED**. Respondent is **DIRECTED** to file a response to the foregoing claims within twenty (20) days of the date of this order.

It is further recommended that petitioner's September 7, 2006, motion for summary

judgment, Doc. No. 7, based upon respondent's alleged failure to timely file the Return of Writ be **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge