IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KURT A. HELTON,**           **CASE NO. 2:06-cv-558**
                                          **JUDGE GRAHAM**
        **Petitioner,**            **Magistrate Judge Kemp**
v.

**ROB JEFFREYS, Warden,**

        **Respondent.**

### OPINION AND ORDER

On April 10, 2007, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that petitioner's claim that his sentence violated Ohio law and the Double Jeopardy Clause be dismissed and that petitioner's September 7, 2006 motion for summary judgment be denied.  The Magistrate Judge granted petitioner's request to include additional claims and directed respondent to provide supplemental briefing regarding those claims. *See* Doc. No. 15.  On April 30, 2007, respondent provided a supplemental response to petitioner's petition, as amended with new claims.  Doc. No. 20.  Petitioner has filed a reply.  Doc. No. 21.  Petitioner also has submitted an affidavit in support of his claims, Doc. No. 33, a response to the respondent's opposition to petitioner's request for production of documents, Doc. No. 32, a notice of the trial court's denial of his request for the appointment of counsel, Doc. No. 34, and a notice of agreement to serve an overall sentence of ten years.  Doc. No. 35.  Finally, petitioner has filed a subpoena requesting the production of reports and documents regarding findings of unlawful conduct in the case of *State v. Stout* from the Office of the Attorney General.  Doc. No. 30.  Respondent objects to petitioner's request.  Doc. No. 29.

For the reasons that follow, petitioner's objections to the Magistrate Judge's *Report and Recommendation* are **OVERRULED**.  Petitioner's motion for summary judgment, Doc. No. 7, is

**DENIED**. The Court concludes that this action is unexhausted. Petitioner must notify the Court within ten (10) days if he wishes to amend the petition to delete his unexhausted claim of ineffective assistance of appellate counsel. If he does not, this action will be **DISMISSED** without prejudice as unexhausted. Petitioner's motion for production of documents and order to investigate, and request for discovery, Doc. Nos. 20, 26 also are **DENIED.** Petitioner may request to renew such motions if he chooses to amend the petition to delete his unexhausted claim from this habeas corpus petition. Petitioner's subpoena, Doc. No. 30, is hereby **QUASHED,** as the Court has not granted petitioner the right to conduct discovery in this case.

## I. OBJECTIONS

Petitioner has filed objections and supplemental objections to the Magistrate Judge's *Report and Recommendation. See* Doc. Nos. 17, 19. Petitioner objects to the Magistrate Judge's recommendation that his Double Jeopardy claim be dismissed as without merit. Petitioner does not raise any objection to the Magistrate Judge's recommendation that his motion for summary judgment, Doc. No. 7, be denied.

Petitioner argues that the Magistrate Judge misconstrued his claim. Petitioner again raises all of the same arguments that he previously presented. Additionally, he contends that the charging document reflects that the charges against him were duplicitous. *See Objections; Addendum to Objections.*

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. Upon review of the record, the Court is not persuaded by petitioner's arguments. As noted by the Magistrate Judge, petitioner pleaded guilty to two distinct offenses of theft. Pursuant to the terms of his plea agreement, he understood

that the trial court could impose consecutive sentences for such offenses.  For these reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**  Further, and in any event, the record reflects that the instant habeas corpus is unexhausted, and must be dismissed on that basis unless petitioner amends the petition to delete his unexhausted claim of ineffective assistance of appellate counsel.

## II.  EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castile v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. §2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

In claim three, petitioner asserts, *inter alia*, that he was denied the effective assistance of appellate counsel.  As noted by the respondent, this claim has never been presented to the state courts.  Further, petitioner still may present such claim to the state courts in a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), which provides in relevant part:

> (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

3

Therefore, this action is unexhausted.

The statute of limitations has now expired. *See Report and Recommendation*, at 2 n.1. Therefore, should the Court dismiss this case in its entirety, the statute of limitations will bar petitioner from re-filing his habeas corpus petition. *See* 28 U.S.C. 2244(d).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a stay of proceedings pending exhaustion may be appropriate when certain conditions are met.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 ("[D]iminution of statutory incentives to proceed first in state court would ⋯ increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ⋯ is in obtaining speedy federal relief on his claims," *Lundy, supra,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion), not all petitioners have an incentive to obtain federal relief

as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber*, *supra,* 544 U.S. at 277-278.  In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated:

A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

5

As of yet, there is little guidance as to what constitutes good cause for failing to exhaust state court remedies.

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.
>
> In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said
>
> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ⋯ appears to be less stringent than ⋯ 'extraordinary circumstances' ").
>
> *Jackson,* 425 F.3d at 661-62.
>
> Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* 544 U.S. 408, ----, 125 S.Ct. 1807, 1813-14, 161 L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.
>
> Another court to discuss the standard of good cause under *Rhines* was

the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petition was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005).

Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support ⋯ [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner v. Crawford*, 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006).

The record here fails to reflect either good cause for petitioner's failure to exhaust his

7

ineffective assistance of appellate counsel claim in Rule 26(B) proceedings, or that his unexhausted claim is potentially meritorious.  The record likewise fails to reflect that a stay of proceedings is warranted under *Rhines v. Weber, supra*.

The Court notes that petitioner also has filed a motion for "review of the charging document pursuant to *United States v. Broce*, 488 U.S. 563, 569 (1989). Doc. No. 23. Respondent has responded to petitioner's motion arguing that, if petitioner is attempting to present yet a new claim, that claim is procedurally defaulted.  However, petitioner states in his reply to respondent's response to his motion, see Doc. No. 31, that he does not intend to raise any new claims in his motion for review of the charging document.  Rather, he again argues that his convictions violated the Double Jeopardy Clause, and requests the Court to consider the charging document in addressing this claim.

For all of the foregoing reasons, petitioner's objections to the Magistrate Judge's *Report and Recommendation* are **OVERRULED**.  Petitioner's motion for summary judgment, Doc. No. 7, is **DENIED**.  His motion for production of documents and order to investigate and request for discovery, Doc. Nos. 20, 26, also are **DENIED.**  Petitioner's subpoena, Doc. No. 30, is hereby **QUASHED,** as the Court has not granted petitioner the right to conduct discovery in this case. Petitioner must notify the Court within ten (10) days if he wishes to amend the petition to delete his unexhausted claim of ineffective assistance of appellate counsel.  If he does not, this action will be **DISMISSED** without prejudice as unexhausted.

It is so ORDERED..

    s/James L. Graham
    JAMES L. GRAHAM
    United States District Judge

DATE:  June 7, 2007