**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KURT A. HELTON,** | **CASE NO. 2:06-cv-558** |
| | **JUDGE GRAHAM** |
| Petitioner, | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **ROB JEFFREYS, Warden,** | |
| Respondent. | |

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition as amended, petitioner's addendums, affidavits, and notices in support, *see* Doc. Nos. 10, 13, 33-35, 38, respondent's supplemental Return of Writ, Doc. No. 21, petitioner's reply, Doc. No. 22, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.  Petitioner's renewed request for discovery, production of documents, and for an order to investigate, *see* Doc. Nos. 20, 26, 38, 45, are **DENIED.**  Petitioner's motion for summary judgment, Doc. No. 42, also is **DENIED**.

**I. FACTS AND PROCEDURAL HISTORY**

The facts and procedural history of this case are detailed in this Court's *Report and Recommendation*, April 10, 2007, Doc. No. 15, but are repeated here.  The Ohio Third District Court of Appeals summarized the factual findings and procedural history of this case as follows:

> On October 4, 2004, Helton entered into Lakeview Hardware and stole, among other items, a number of rifles and other firearms. The Logan County Grand Jury returned an indictment against Helton on November 9, 2004. This indictment contained 81 counts of grand

> theft of a firearm (one for each firearm stolen), seven counts of breaking and entering, two counts of grand theft of a motor vehicle, one count of safecracking, three counts of unlawful sexual conduct with a minor and one count of engaging in a pattern of corrupt activity. Pursuant to a written plea agreement, on February 7, 2005, Helton pled guilty to two counts of grand theft of a firearm (felonies of the third degree) and two counts of breaking and entering (felonies of the fifth degree). [FN1] The remaining 91 counts of the indictment were dismissed by the State. On March 18, 2005, a sentencing hearing was held. The trial court sentenced Helton to four years in prison on each of the grand theft of a firearm convictions and one year in prison on each of the breaking and entering convictions. The trial court then ordered that the sentences be served consecutively for a total prison term of 10 years.
>
> FN1:  The written plea agreement also states that Helton agreed to serve a total sentence of 10 years as part of the agreement.

Exhibit 11 to Return of Writ.  Represented by new counsel, petitioner filed a timely appeal and raised the following sole assignment of error:

> The trial court abused its discretion and committed plain error when it sentenced [Helton] to consecutive prison terms for two separate thefts, as the thefts constituted a single act with a singular intent and should have been merged under R.C. 2941.25(A).

*Id.*  On August 15, 2005, the appellate court affirmed the judgment of the trial court. *Id.*  Proceeding *pro se*, petitioner filed a timely appeal to the Ohio Supreme Court, in which he raised the following proposition of law:

> The trial court abused its discretion and committed plain error when it sentenced appellant to two consecutive prison terms for two thefts from a single act of conduct with the same animous, an allied offense analysis was required by law.  R.C. 2941.25(A).

Exhibit 12 to Return of Writ; *see also* Exhibit 13 to Return of Writ.  Through counsel, petitioner filed a memorandum in support of jurisdiction asserting the following proposition of law:

> The trial court abused its discretion and committed plain error when it sentenced petitioner to consecutive prison terms for two separate

2

> thefts, as the thefts constituted a single act with a singular intent and should have been merged under R.C. 2941.25(A).

On January 25, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 15 to Return of Writ.

On July 5, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On July 12, 2007, the Court dismissed claim one and granted petitioner's request to amend the petition to delete claim three. Doc. No. 43. The sole claims remaining for this Court's consideration are as follows:

> 1. Petitioner's sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).
>
> 2. Petitioner's guilty plea was coerced.[1]

It is the position of the respondent that these claims are procedurally defaulted. *See Supplemental Return of Writ*, Doc. No. 21.

## II. DISCOVERY REQUEST

Petitioner seeks an order for production of documents from the Ohio Attorney General and from the Logan County Clerk of Court on the investigation into alleged unlawful acts by Detective Stout in connection with his alleged sexual contact with a sixteen year old girl. *See Motion for Production of Documents*, Doc. No. 20. Petitioner also seeks to conduct interrogatories of David Frazier to support his claim that Stout lied to obtain a search warrant in connection with this case. *Discovery Request,* Doc. No. 26. Finally, petitioner requests an order for issuance of subpoenas for the production of documents, and to David Frazier pending Frazier's completion of interrogatories.

---

[1] These claims were actually identified as claims two and four of the habeas corpus petition. *See Report and Recommendation*, April 10, 2007.

3

*Id.* All of these requests are made in connection with petitioner's allegation that his guilty plea was coerced because Detective Stout lied about petitioner's confession in this case and to obtain the search warrant.

The discovery processes contained in the Federal Rules of Civil Procedure do not apply across the board in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.*"* *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases in the United States District Courts were promulgated in 1976.

Specifically, Rule 6(a) provides –

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is... entitled to relief....'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *rehearing en banc denied*, Nov. 29, 2001.

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v.*

4

*Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner has not met this burden here.

As noted, *infra*, any purported improper actions by Detective Stout regarding his alleged involvement with a sixteen year old girl are unrelated to this case, and simply fail to support petitioner's claim that his guilty plea was coerced. Likewise, the record is without any indication that statements by Frazier would support petitioner's habeas corpus petition. For the reasons discussed below, the Court concludes that petitioner's claim that his guilty plea was coerced is procedurally defaulted.

Petitioner's request for discovery therefore is **DENIED.**

### III. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a

5

federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

Petitioner asserts that his sentence violates *Blakely*. This claim is readily apparent from the face of the record and should have been raised on direct appeal, but was not. Further, petitioner now may no longer present this claim to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St. 2d 175 (1967). The Ohio Supreme Court was never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. The Court deems the second and third parts of the *Maupin* test to have been met.

Petitioner also asserts that his guilty plea was coerced because Detective Stout lied by stating that petitioner confessed and in obtaining a search warrant, and petitioner therefore felt he had no choice but to enter the guilty plea. *See Additional Information for the Court,* Doc. No. 13; *Affidavit*

*in Support of Claims*, Doc. No. 28.  In support of this claim, petitioner has attached a newspaper article dated November 30, 2005, from the *Bellefontaine Examiner*, indicating that Stout later was fired from the Sheriff's office due to allegations of sexual contact with a teenage girl.  *See Additional Information for the Court*, Exhibit C.  Petitioner also has attached documents from his motion to suppress evidence.  *Id*., Exhibits A and B.  Additionally, petitioner has attached an affidavit from Jeremiah Helton, and what purports to be a report from the Logan County Sheriff's Office dated November 29, 2005, indicating that Stout was dishonest with "the Moody family" and refused to take a polygraph examination (apparently in connection with the allegations of sexual contact with a teenage girl.).  *Exhibits to Reply*, Doc. No. 22.

To the extent that petitioner's claim relates to allegations raised in his motion to suppress evidence, such claim is readily apparent from the face of the record and therefore should have been raised on direct appeal, but was not.  Again, petitioner now may no longer present such claim to the state courts under Ohio's doctrine of *res judicata*.  *See State v. Cole*, *supra; State v. Ishmail, supra; State v. Perry, supra*.

To the extent that petitioner's claim relies on evidence outside of the record, such claim would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21.  Petitioner never pursued post conviction proceedings in the state courts.  Further, the time period for filing such action has now expired.  *See id.*  Petitioner may pursue a delayed post conviction action pursuant to O.R.C. § 2953.23, which provides in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

>(1) Either of the following applies:
>
>(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
>(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
>(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

However, the record does not reflect that petitioner can meet these requirements here.

Petitioner has waived the right to present his claims that his sentence violates *Blakely* and that his guilty plea was coerced for federal habeas corpus review. He may still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violation that he alleges.

Petitioner appears to assert the ineffective assistance of counsel as cause for his procedural defaults. *See Addendum,* Doc. No. 10. However, the ineffective assistance of appellate counsel cannot constitute cause for a procedural default where, as here, the allegation of the ineffective assistance of appellate counsel has not itself been preserved as a claim. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Petitioner has never presented to the state courts a claim of ineffective assistance of counsel.

Petitioner also states that he did not receive the necessary information to support his claim

that his guilty plea was coerced because Detective Stout lied until March 22, 2007, when he received documentation from the Logan County Sheriff's Office that Stout was fired. *Reply*, at 4. This argument likewise is not persuasive. As previously noted, the incident related to Stout's apparent removal from the Sheriff's office does not support petitioner's claim that Stout lied to obtain the search warrant or in stating that petitioner provided a confession in this case, so as to cause his guilty plea to be coerced.

Finally, petitioner contends that he could not raise a *Blakely* claim in the Ohio courts until the Ohio Supreme Court decided in *State v. Foster*, 109 Ohio St.3d 1 (2006), on February 27, 2006. *Reply,* at 4. Again, this argument is not persuasive. The United States Supreme Court issued its decision in *Blakely* on June 24, 2004, approximately eight months before petitioner was sentenced, and prior to his direct appeal. Regardless of the date that the Ohio Supreme Court issued its decision concluding that portions of Ohio's sentencing statutes violated *Blakely*, petitioner could have raised the issue, and his failure to do so precludes this Court's review of this claim.

Petitioner has failed to establish cause for his procedural defaults.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's motion for summary judgment, Doc. No. 42, is **DENIED**. Petitioner's renewed request for discovery, production of documents, and for an order to investigate, *see* Doc. Nos. 20, 26, 38, likewise are **DENIED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
/s/ Terence P. Kemp
United States Magistrate Judge
```